371 So.2d 1167 (1978)
Mr. and Mrs. Alfred L. LAMBERT, Sr.
v.
DONALD G. LAMBERT CONSTRUCTION COMPANY, Donald G. Lambert, Charles R. Bell and Prestige Casualty Company.
No. 9309.
Court of Appeal of Louisiana, Fourth Circuit.
July 20, 1978.
*1168 Wayne Douglas Mancuso, Metairie, for plaintiffs-appellees.
Young, McMahon & Levert, Robert J. Young, Jr., New Orleans, for defendants-appellants.
Before GULOTTA, BEER and GARSAUD, JJ.
GULOTTA, Judge.
Plaintiff, Alfred Lambert, while driving his automobile in a northerly direction on Colonial Club Drive in Jefferson Parish was struck on the left front by defendant's truck, traveling in an easterly direction on Jefferson Highway as plaintiff was attempting to cross the traffic light-controlled intersection. The trial judge, concluding that plaintiff was favored by a green light, rendered judgment against defendants. The truck driver did not testify nor appear at the trial.
In this appeal, defendants contend that 1) plaintiff, Alfred Lambert, was negligent in not maintaining a lookout and in not looking to his left or right before entering the intersection; and 2) the automobile, damaged in the accident, for which Lambert was awarded $6,000.00 was not in fact owned by him but by either "Lambert's in Metairie, Inc." or "Lambert's Datsun" and Lambert is not the proper party to seek damages to the vehicle.
In answer to the appeal, plaintiffs complain of the inadequacy of the $10,000.00 general damage award for injuries sustained by Alfred Lambert, the $1,319.00 special damage award and the $6,000.00 award for loss of the vehicle. Plaintiffs *1169 also seek reversal of the dismissal of Mrs. Lambert's claim for damages. Although not a passenger in the vehicle at the time of the accident, her claim is based on an "interruption of daily activities and life-style & emotional and mental duress".

LIABILITY
In written reasons incorporated in the judgment, the trial judge concluded the defendant truck driver "was negligent and that such negligence was the proximate cause of the accident". The record supports the trial court's conclusion. Lambert testified that he had stopped at the intersection in obedience to a red light, waited until the light turned green and then proceeded to cross the intersection. His testimony was corroborated by two independent eyewitnesses. No evidence was offered contradicting plaintiff's testimony that he proceeded across the intersection, favored by a green light, and that defendant's truck "ran the red light".
We reject defendants' contention that because Lambert failed to look either to his left or right before entering the intersection he was contributorily negligent. One eyewitness, who was stopped at the red light while headed in a westerly direction on Jefferson Highway, testified that plaintiff had come across the intersection in the normal flow of speed from a stopped position and "was in no hurry to get across". There exists no evidence in the record indicating that plaintiff, by an inordinate burst of speed, carelessly entered the intersection oblivious to his surroundings. We conclude the trial judge's finding of negligence on the part of the defendant truck driver is correct.

AUTOMOBILE LOSS
We do find merit, however, to defendants' contention that the trial judge erred when he awarded to plaintiff the purchase price for the loss of the automobile damaged in the accident. Notwithstanding plaintiff's testimony that the automobile was purchased for his personal use and was used by him, the documentary evidence clearly establishes that the automobile was invoiced to "Lambert's Datsun" from Pontchartrain Motor Company, Inc. on May 14, 1975, the date of the purchase; that an assignment of title was made on the same date from Pontchartrain Leasing Company, Inc. to Pontchartrain Motor Company, Inc. and a reassignment of title, on that date, from Pontchartrain Motor Company, Inc. to Lambert's Datsun. Furthermore, Lambert testified the automobile was purchased with a check from "Lambert's in Metairie, Inc." Plaintiff did state, however, that he owned Lambert's; that Lambert's Datsun was nonexistent and was "just a figment"; that his personal funds and corporate funds were comingled in Lambert's in Metairie, Inc. and that in reality he was the owner of the vehicle. Despite Lambert's uncorroborated testimony to the contrary, the ownership of the damaged automobile was either in Lambert's Datsun or Lambert's in Metairie, Inc. The automobile was owned by the Lambert company, the corporate entity, and not by Lambert personally. We conclude, under the circumstances, Lambert individually is not the proper party to assert a claim for loss of the damaged vehicle. Plaintiff, therefore, is not entitled to recover for this loss.

QUANTUM
We fail to find support for plaintiffs' contention that the $10,000.00 general damage award in favor of Alfred Lambert is inadequate. Lambert sustained a comminuted fracture of the left collarbone and a hematoma of the right ankle secondary to a contusion. Immediately after the July 8, 1975 accident, plaintiff was taken to the emergency room at Southern Baptist Hospital. His left shoulder was placed in a "figure of eight bandage" and sling, and he was administered muscle relaxants and pain medication. Approximately one week postaccident, swelling of his previously polio-afflicted left leg was evidenced and an elastic stocking was prescribed. Plaintiff was required to wear the shoulder "strap" and sling for approximately four weeks and the *1170 sling alone for an additional two weeks. Because of loss of mobilization in the left extremity, Lambert undertook physical therapy and an exercise program for the shoulder over an approximate period, off and on, of 15 months' duration. The permanent partial disability referable to the left upper extremity was evaluated by one physician between 5-10% and by his treating physician as 15%. Lambert's injuries considered, we cannot say the $10,000.00 general damage award constitutes an abuse of the trial court's discretion.
Our examination of the record reveals, however, that the $1,319.00 special damage award is in error. The stipulated amount of the damages totals $1,369.00. Accordingly, in conformity with the stipulation, the special damage award is increased by the sum of $50.00.

MRS. LAMBERT'S CLAIM
Finally, we find no error in the trial court's dismissal of Mrs. Lambert's $5,000.00 claim for damages for "interruption of daily activities and life-style & emotional and mental duress". Other than her testimony that her husband's injuries required the exercise of solicitous wifely care and the discontinuance of her card games and bowling during her husband's convalescence, we find no evidentiary support for this claim.

DECREE
Accordingly, for the foregoing reasons, that part of the judgment awarding plaintiff, Alfred Lambert, $6,000.00 for the loss of the vehicle is reversed and set aside. That part of the judgment awarding plaintiff special damages in the sum of $1,319.00 is increased to the sum of $1,369.00. That part of the judgment awarding plaintiff, Alfred Lambert, $10,000.00 in general damages for injuries sustained and that part of the judgment dismissing Mrs. Alfred Lambert's claim for damages is affirmed.
REVERSED IN PART; AMENDED IN PART AND AS AMENDED IN PART AFFIRMED.