DOMENGEAUX, Judge.
This is an appeal by defendant Hunt Exploration, Inc., from a default judgment taken against it in the Tenth Judicial District Court, Natchitoches Parish, Louisiana.
The plaintiffs-appellees, George Lloyd and his four major children, Alvin Lloyd, Willie Berry, Mary Gates, and Nancy Henry, sued for property damage resulting from defendant’s illegal trespass upon their land. Plaintiffs’ action was filed on July 15, 1981, and service was made on defendant’s designated agent for service of process, C. T. Corporation in New Orleans, on July 21, 1981. There being no answer or other responsive pleadings filed, a preliminary default was entered August 6, 1981. On August 11, 1981, the trial court confirmed the preliminary default and rendered judgment against the defendant for the total prayed for sum of Eight Thousand and no/100 ($8,000.00) Dollars. Defendant’s application for a new trial was denied. The defendant now appeals and suggests that the evidence offered and received by the trial court in the confirmation of the preliminary default failed to establish a pri-ma facie case as required by La.C.C.P. Arti- *328 ele 1702, and therefore, the trial court erred in granting judgment in plaintiffs’ favor.
The evidence produced at the default judgment hearing reveals that the defendant’s seismographic crew went upon the property of the plaintiffs’ in Natchitoches Parish during the week of August 29, 1980, and occupied plaintiffs’ property for approximately one week while conducting seismic operations. The record also reflects that the defendant, without plaintiffs’ permission, drew water from a pond and detonated dynamite charges on plaintiffs’ property. Additionally, defendant tore down a fence on the property belonging to the plaintiffs, allowing plaintiffs’ livestock to escape, which were subsequently recovered. After the dynamite charges were exploded, plaintiffs noticed that one of their small stock ponds no longer holds water.
The only other evidence produced at trial to confirm the preliminary default was the testimony of J. E. Pierson. Mr. Pierson testified that he is familiar with the going rate for oil and gas leases on a per acre basis in the area. According to Mr. Pierson, the current rate for oil and gas leases runs about $100.00 per acre plus one-sixth (Ve) royalty interest. Mr. Pierson, however, did not express any opinion, one way or another, as to the amount of damage, if any, to plaintiffs’ land.
As aforementioned, after hearing the evidence the trial judge awarded plaintiffs the Eight Thousand and no/100 ($8,000.00) Dollars prayed for in their petition. Defendant moved for a new trial which was subsequently denied by the trial judge.
The motion for a new trial should have been granted because there was insufficient evidence to sustain the default judgment. Under La.C.C.P. Article 1702, “A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case.” Plaintiff assumes the burden of proving the essential allegations in his petition as fully as if they had been specifically denied. He must make his claim certain; to make it probable is not enough. Jones v. Ledet, 383 So.2d 1308 (La.App. 3rd Cir. 1980); Smith v. Doyle, 160 So.2d 791 (La.App. 3rd Cir. 1964).
There is evidence in the record to support the plaintiffs’ contention that defendant is liable to them under our law.[1] However, the amount of damages was not established by any of the evidence produced at trial. No evidence was offered in an effort to establish the actual damages sustained by the plaintiff resulting from the trespass upon their land. As such, the evidence is insufficient to establish a prima facie case for a default judgment.
For the above and foregoing reasons the default judgment is reversed and annulled, and the case is remanded to the district court for proceedings consistent with this opinion. Costs of this appeal are assessed to plaintiffs; assessment of all other costs is to await final disposition of the case.
REVERSED AND REMANDED.

. La.C.C. Art. 667; Schexneider v. United Geophysical Corp., 385 So.2d 533 (La.App. 3rd Cir. 1980); Roshong v. Travelers Insurance Company, 281 So.2d 785 (La.App. 3rd Cir. 1973).