430 So.2d 298 (1983)
George LLOYD, et al., Plaintiffs-Appellees,
v.
HUNT EXPLORATION, INC., Defendant-Appellant.
No. 82-705.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1983.
*299 Charles Seaman, Natchitoches, for defendant-appellant.
Whitehead & McCoy, Charles R. Whitehead, Jr., Natchitoches, for plaintiffs-appellees.
Before DOMENGEAUX, LABORDE and YELVERTON, JJ.
DOMENGEAUX, Judge.
This is an appeal by defendant, Hunt Exploration, Inc., from a judgment rendered in favor of plaintiffs, George Lloyd, and his four children, Alvin Lloyd, Willie Berry, Mildred Gates, and Nancy Henry, for damages resulting from the defendant's alleged trespass upon their land. In Lloyd v. Hunt Exploration, Inc., 413 So.2d 327 (La. App. 3rd Cir.1982), we previously considered this matter on an appeal by the defendant of a default judgment rendered in favor of the plaintiffs, whereupon we reversed and remanded the suit due to a failure of the plaintiffs to establish a prima facie case for a default judgment.
The evidence as set forth in the record indicates that the defendant's seismographic crew went upon the plaintiffs' property in Natchitoches Parish during the week of August 29, 1980, in order to conduct seismic operations. There was a dispute in the record concerning whether or not the defendant's crew had permission to enter this property. George Lloyd denied ever granting such permission, either verbally or in writing. The defendant agreed that it had not obtained written authority, but argued that Lloyd had given verbal permission to Roger Shoemaker, a member of defendant's crew, for the men to go upon the land and conduct seismic tests. Roger Shoemaker apparently had told Lloyd that someone would be arriving soon with the written permit for Lloyd to sign. However, no one ever delivered such a permit and Lloyd never made any attempt to force the Hunt Exploration crew to leave the land. Lloyd had received a written permit in the mail several weeks before the crew's arrival, but it was never signed or returned to the defendant.
The defendant conducted seismic tests on plaintiffs' property by detonating several dynamite charges. Additionally, the defendant's crew damaged the fence on the property, allowing the plaintiffs' livestock to escape, which were subsequently recovered. After the dynamite charges were set off, the plaintiffs noticed that one of their ponds could no longer hold water. It was stipulated at the trial that if the court were to find Hunt Exploration liable for the damage to plaintiffs' pond, that the cost of constructing a new pond would be $750.00.
The district court awarded George Lloyd $3,000.00 in general damages for the defendant's wrongful actions in tearing down *300 the fence, as well as for Mr. Lloyd's mental anguish and distress, plus $750.00 in order to replace the pond that could no longer hold water. In addition, the court awarded to Mr. Lloyd's four children the sum of $1,000.00 each for general damages, mental anguish, and trespass. It also overruled an exception of no right of action filed by the defendant. It was from this adverse judgment that the defendant perfected this appeal.
There are basically two issues which have been presented by the defendant for our consideration. The first concerns whether or not the trial judge properly overruled the defendant's exception of no right of action to the plaintiff's petition. The second issue involves the alleged excessiveness of the district court's award of damages to the plaintiffs. Both issues will be assessed herein.
The defendant argues that the plaintiffs had no right to bring this suit for seismic trespass. It alleges that by virtue of a mineral lease executed by George Lloyd and his now deceased wife in favor of Placid Oil Company on February 28, 1979, over the property in question, that only Placid Oil Company or its assigns have the exclusive right to bring such a suit.
The defendant's argument is without merit. La.R.S. 31:12 allows the owner of land to protect his rights in minerals "... against trespass, damage, and other wrongful acts of interference by all means available for the protection of ownership." A landowner does not abandon his right to protect his interest against wrongful acts of others simply because he has executed a lease of his property. This was clearly recognized by Placid Oil Company in its letter of July 16, 1980, where it granted Hunt Exploration permission to conduct seismic operations providing:
"Such permission is given with the understanding and agreement on your part that you shall obtain and acquire from any and all surface owners, tenants or other interested parties, all additional approvals to conduct such operations which may be necessary."
The plaintiffs had a right of action against the defendant for trespass upon their land and subsequent property damages. Thus, the trial judge properly overruled the defendant's peremptory exception.
The trial court found as a matter of fact that the defendant's crew had entered the plaintiff's property without first obtaining permission from them to do so. It also concluded that the plaintiffs' pond could not hold water as a result of the seismic explosions which had been detonated by the defendant's survey crew while on the plaintiffs' property. Furthermore, the fact that the defendant damaged the plaintiffs' fence was virtually uncontested by the defendant. We have reviewed the record in this case and are unable to say that these findings of fact are manifestly erroneous.
However, Hunt Exploration also alleges that the trial court awarded an excessive amount of damages to the plaintiffs, and that George Lloyd had a duty to mitigate damages by preventing the Hunt Exploration crew from repeatedly entering the property. Furthermore, Hunt Exploration argues that Mr. Lloyd's children have proven no claim for damages since none of them testified at the trial as to the effect of the trespass upon them and how it caused them mental anguish and distress.
In determining whether or not a trial court award may be questioned as inadequate or excessive, a reviewing Court must first look to the individual circumstances of the case at hand. Only in those circumstances where an articulated analysis of the facts discloses an abuse of discretion may an award on appellate review be considered inadequate or excessive. Reck v. Stevens, 373 So.2d 498 (La.1979).
When it is clear that the plaintiff has sustained some damage through the fault of the defendant, his demands will not be rejected simply because he cannot establish with accuracy the pecuniary amounts that he has suffered. Roshong v. Travelers Insurance Company, 281 So.2d 785 (La.App. 3rd Cir.1973). However, damages for mental anguish and distress must be shown by *301 competent evidence in order to sustain an award for such. McKowen v. McCraine, 244 So.2d 45 (La.App. 1st Cir.1971). Lambert v. Donald G. Lambert Construction Company, 371 So.2d 1167 (La.App. 4th Cir. 1978); Rhodes v. Collier, 215 La. 754, 41 So.2d 669 (La.1949); Loeblich v. Garnier, 113 So.2d 95 (La.App. 1st Cir.1959).
In Rhodes, supra, the Supreme Court denied the plaintiff recovery for humiliation, embarrassment, and inconvenience for the defendant's trespass upon her land on the basis of the fact that the plaintiff did not testify or offer any evidence to support her claim for damages. In Loeblich, supra, the Rhodes case was distinguished on the basis that the plaintiff in Loeblich testified as to his mental anguish and disturbance resulting from the deliberate invasion of his property by the defendant.
In the case at hand, there is no shred nor scintilla of evidence demonstrating that Mr. Lloyd's four children are entitled to general damages for mental anguish and trespass, since none of them testified at trial. We are incapable of determining whether or not any one of these children sustained any damages for mental suffering or trespass in the complete absence of their testimony or any other evidence in connection therewith.[1] The district judge's award of $1,000.00 a piece to each of the four children constituted a clear abuse of his discretion due to the total lack of evidence supporting such award, and his decision to grant such damages is hereby reversed.
Insofar as the damages awarded to George Lloyd are concerned, we agree with the district court that he is at least entitled to recover $750.00 for his dry pond. He is also entitled to recover the cost of replacing the four fence posts which were damaged by the defendant, costing $1.50 each, as well as compensation for labor expended by him to repair his fence in half a day and round up his cows in two hours. It is our determination that an award of $100.00 for his labor is neither excessive nor insufficient.
After deducting these damages, though, we are left with nearly $2,900.00 which was awarded by the district court to Mr. Lloyd in general damages. Upon careful review of the evidence in this case, it is our conclusion that this award constituted an abuse of the trial court's discretion. While Mr. Lloyd admittedly encountered some aggravation and distress in having to repair his fence and round up his cattle, we are unable to find any other evidence in the record to justify his recovery of general damages for mental distress and trespass.[2] As such, we feel that an award of $1,000.00 to Mr. Lloyd in general damages is appropriate in this case.
For the above and foregoing reasons, the judgment of the trial court in favor of Mildred Gates, Willie Berry, Nancy Henry, and Alvin R. Lloyd, and against Hunt Exploration, Inc. in the full sum and amount of $1,000.00 each, be and the same is hereby reversed, and the claims of such plaintiffs are hereby dismissed.
*302 Furthermore, the judgment rendered in favor of George Lloyd and against Hunt Exploration, Inc. in the full sum and amount of $3,750.00 is hereby amended, to reduce the amount recoverable by George Lloyd to $868.00 for damages to his dry pond, damages to his fence, and labor expended by him in repairing his fence and recovering his cattle, plus $1,000.00 in general damages for mental distress, together with legal interest from the date of judicial demand until paid.
In all other respects, the judgment of the trial court is affirmed.
Costs on appeal are assessed fifty percent against Hunt Exploration, Inc., twenty-five percent against George Lloyd, and twenty-five percent against Mildred Gates, Willie Berry, Nancy Henry, and Alvin R. Lloyd, collectively.
REVERSED IN PART, AFFIRMED IN PART, AMENDED IN PART, AND RENDERED.
NOTES
[1] It should be noted that the record shows that Mr. Lloyd's four children were merely naked owners of an undivided one-half interest in the property in question, having inherited such interest from their deceased mother, with George Lloyd having a usufruct over the same. There is no information in the record other than this from which a claim for damages in favor of the children can be justified.
[2] Plaintiffs argue that the case of Layne Louisiana Co. v. Superior Oil Company, 209 La. 1014, 26 So.2d 20 (La.1946) is applicable in order to allow them to recover damages for mineral trespass. In that case, the court determined that the right to geophysically explore land for oil, gas, or other minerals is a valuable right of the landowner since the average landowner lacks the means or funds to secure geophysical or seismological information, and such information, if dissiminated, could impair the landowner's ability to deal advantageously with his valuable mineral rights. However, the evidence in that case indicated that six months after the survey was conducted, that no leases had been entered into by the landowner due to unfavorable information obtained by the defendant. In the case at hand, however, there is no evidence indicating that the plaintiffs were damaged in any way by information which the defendant obtained, and possibly disseminated while conducting geophysical tests on the plaintiffs' property.