LABORDE, Judge.
Plaintiffs, Timothy and Ramona Breaux, brought this suit against defendants, Gilbert and Elaine Daigle and Cameron State Bank (Cameron Bank), for damages arising from plaintiffs’ sale of a mobile home. The Daigles filed a reconventional demand against plaintiffs, alleging that the mobile home they purchased from plaintiffs contained redhibitory vices and defects. After a trial on the merits, the trial court found in favor of the plaintiffs and against defendant, Cameron Bank, for the sum of $5,046.89, together with legal interest from the date of judicial demand and court costs. The trial court dismissed the plaintiffs’ demands against the Daigles with prejudice and dismissed the Daigles’ reconventional demand with prejudice. Cameron Bank has appealed and the plaintiffs have answered Cameron Bank’s appeal. The Dai-gles have not appealed the trial court’s judgment on their redhibition claim. We affirm.
FACTS
In February of 1987, Gilbert Daigle and Timothy Breaux happened to see Cameron Bank loan officer, Ricky Guidry, at the Speedi-Tote. convenience store in Grand Lake. At that time they informed him that they were interested in purchasing each other’s homes. Subsequently, Mr. Guidry handled the Breauxs’ loan application for their purchase of the Daigle house. He was informed by Mr. Breaux that Green Tree Acceptance, Inc. (Green Tree), held a chattel mortgage on the Breauxs’ mobile home. Another loan officer at Cameron Bank approved the loan to the Daigles for their purchase of the Breauxs’ mobile home, but Mr. Guidry also handled the paperwork on that loan.
On March 3, 1987, the bill of sale for the Daigles’ purchase of the Breauxs’ mobile home was executed for the sum of $15,-858.47. This was the exact amount that Timothy Breaux owed to Green Tree on the mobile home. Mr. Guidry also supervised the paperwork on this sale. He testified that Cameron Bank would ordinarily undertake to pay off a prior lien holder in order to protect the Bank’s position as a creditor. However, the decision was made not to pay Green Tree the amount of the payoff of the *233 chattel mortgage owed by the Breauxs until the title opinion on the Daigles’ house was completed. Thus, Cameron Bank could oversee both transactions at the same time.
On March 26, 1987, Cameron Bank prepared and mailed a money order in the amount of $15,858.47 made payable to Green Tree Agency, Inc.[1] For some reason not clearly explained in the record, the draft was returned to Cameron Bank.[2] Mr. Guidry testified that by this time, he was aware that Gilbert Daigle had discovered problems with the mobile home and was contemplating legal action against the Breauxs. Thus, upon learning, that the money order had been returned, Mr. Gui-dry contacted Mr. Daigle and Cameron Bank’s attorney. He then applied the draft to the loan that the Daigles had taken out with Cameron Bank in order to finance their purchase of the mobile home. A day or so later Mr. Guidry informed Mr. Breaux of his actions. Thus, Green Tree never received the money order and the Breauxs never received the purchase price for the sale of their mobile home.
The Daigles first discovered the damage to the mobile home when they moved it onto their property in Cameron. By this time the Breauxs had moved into the Dai-gles’ old home. The Daigles complained to the Breauxs who, in turn, contacted the manufacturer of the mobile home. Sometime in mid-summer of 1987, the manufacturer made repairs to the mobile home. However, since no payment was ever made to Green Tree during this period, it had the mobile home seized and sold at a sheriff’s sale. The sale left a deficiency on the Breauxs’ loan which was turned over to the Department of Housing and Urban Development (HUD) for collection. HUD demanded $5,046.89 from the Breauxs, who subsequently brought this suit against defendants.
FIDUCIARY DUTY OF CAMERON BANK
On appeal, Cameron Bank contends that the trial court erred in determining that it had a fiduciary duty to the Breauxs. It argues that its sole duty was to follow the instructions of its customer, Gilbert Daigle, which it did when it applied the returned money order to the Daigle account. We disagree.
In State v. Hagerty, 251 La. 477, 205 So.2d 369, 374 (1967), the Louisiana Supreme Court explained the fiduciary concept as follows:
“ ‘The word “fiduciary,” as a noun, means one who holds a thing in trust for another, a trustee; a person holding the character of a trustee, or a character analogous to that of a trustee, with respect to the trust and confidence involved in it and the scrupulous good faith and candor which it requires; a person having the duty, created by his undertaking, to act primarily for another’s benefit in matters connected with such undertaking. Also more specifically, in a statute, a guardian, trustee, executor, administrator, receiver, conservator, or any person acting in any fiduciary capacity for any person, trust, or estate. * * * ’ 36A C.J.S. Fiduciary, p. 381.”
“ ‘One is said to act in a “fiduciary capacity” or to receive money or contract a debt in a “fiduciary capacity,” when the business which he transacts, or the money or property which he handles, is not his own or for his own benefit, but for the benefit of another person, as to whom he stands in a relation implying and necessitating great confidence and trust on the one part and a high degree of good faith on the other part. The term is not restricted to technical or express trusts, but includes also such offices or relations as those of an attorney at law, a guardian, executor, or broker, a *234 director of a corporation, and a public officer. ⅜ (citations omitted)
In the instant case, the sale of the mobile home to the Daigles was perfected for the exact amount that Mr. Breaux owed to Green Tree on the mobile home. Cameron Bank loan officer, Ricky Guidry, supervised this transaction. Rather than directly receiving the purchase price for the sale of the mobile home, Mr. Breaux entrusted these funds to Cameron Bank so that it would pay off his debt to Green Tree. He testified as follows:
“A. Well, they [Green Tree] kept sending me these late ... these past due notices in the mail, and I would call. I called up the bank and asked them, you know what was the problem. They said everything was taken care of. So I would disregard the late notices.”
Clearly, Mr. Breaux relied on Cameron Bank’s assurances that his debt to Green Tree would be promptly paid off. Cameron Bank occupied a position of special confidence towards its customer, Mr. Breaux, which necessitated a high degree of fairness and good faith. It was improper for Cameron Bank to selfishly take advantage of this relationship and further its own interest by applying the returned money order to the Daigle account. We find that this action constituted a breach of Cameron Bank’s fiduciary duty to its customer, Timothy Breaux, irrespective of whether it was following the instructions of its other customer, Gilbert Daigle.[3]
ANSWER TO APPEAL
Finally, we note that plaintiffs have filed an answer to appeal seeking to modify the trial court award to include compensation for damage to their credit rating and for additional interest on their debt that will accrue during the pendency of the appeal. Plaintiffs submitted two credit bureau reports into evidence which showed that the trailer they formerly owned had been repossessed. However, plaintiffs introduced no testimony at trial or any other evidence tending to show that they suffered any embarrassment, humiliation, or damage to reputation. Damages for mental anguish and distress must be shown by competent evidence in order to sustain an award for such. Lloyd v. Hunt Exploration, Inc., 430 So.2d 298 (La.App. 3rd Cir.1983). Thus, we do not find that the trial court erred in failing to award an additional amount in general damages.
Since plaintiffs have not produced evidence explaining what the rate of interest on their debt to HUD is, we also find that the trial court did not err in awarding $5,046.89 to plaintiffs plus legal interest from the date of judicial demand and costs.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the defendant, Cameron State Bank.
AFFIRMED.

. The record does not contain enough information for us to determine the relationship, if any, between Green Tree Agency, Inc. and Green Tree Acceptance, Inc.

. Defendant suggests that the Breauxs provided it with the wrong envelope. We agree with the trial court that regardless of whose fault it was that the initial mailing was unsuccessful, Cameron Bank’s obligation to the Breauxs remains unchanged.

. We pretermit discussion of defendant’s second specification of error which concerns the Dai-gles’ reconventional demand based on redhibition. The Daigles have not appealed the dismissal of their reconventional demand; hence the judgment dismissing their demand is final. Webb v. Zurich Insurance Company, 251 La. 558, 205 So.2d 398 (1967).