STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1526


W. H. CARY, SR., ESTATE, L.L.C.

VERSUS

ALDEN DUHON


************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2010-10719
HONORABLE JULES D. EDWARDS, III, DISTRICT JUDGE

************

PHYLLIS M. KEATY
JUDGE

************

Court composed of Jimmie C. Peters, Marc T. Amy, and Phyllis M. Keaty, Judges.


REVERSED AND REMANDED.

Vincent J. Saitta
Colomb and Saitta
427 Jefferson Street
Lafayette, Louisiana 70501
(337) 231-5250
Counsel for Defendants/Appellants:
    Alden Duhon
    Jane Duhon

John B. Scofield
C. Eston Singletary
Kevin P. Fontenot
Scofield, Gerard, Singletary & Pohorelsky
Post Office Box 3028
Lake Charles, Louisiana 70602-3028
(337) 433-9436
Counsel for Plaintiff/Appellee:
    W. H. Cary, Sr., Estate, L.L.C.

**KEATY, Judge.**

This is an appeal from a judgment granting a confirmation of default and attorney fees. Two questions are presented for our review. We are called upon to determine whether the grant of default judgment was proper against Defendants, and, if so, whether the grant of attorney fees against them was proper. In finding that the trial court was manifestly erroneous in confirming the default judgment, we reverse the trial court on all issues.

## ASSIGNMENTS OF ERROR

1) That the Court's granting of a Default Judgment based upon insufficient competent evidence is an error of law. The evidence by Affidavit was based in part on hearsay evidence and not personal knowledge. Also, a representative of petitioner did not testify.

2) That, in the alternative, the Trial Court did not make an inquiry as to the reasonableness of the attorney fees it awarded, which is contrary to the law.

3) That the awarding of contractual attorney fees in this proceeding is contrary to the law since the appellant, ALDEN DUHON, was not a member of the LLC at the time he was alleged to be trespassing.

4) That the failure to grant the Motion for New Trial was contrary to the law and evidence.

5) That JANE DUHON was never a member of the LLC and should not have been cast in Judgment for contractually based attorney fees.

6) That a tort action in trespass does not provide for attorney fees as an element of damages.

7) That in a default judgment proceeding involving a tort claim, a petitioner must provide oral testimony.

## FACTS

This lawsuit is between an L.L.C. and a former member of the L.L.C. and his wife. W. H. Cary, Sr., Estate, L.L.C. (Cary L.L.C.) owns real property in Acadia

1

Parish that was individually owned prior to Cary L.L.C.'s formation in 1997. In 1997, the individual owners formed Cary L.L.C. and transferred to Cary L.L.C. their ownership interests.

Defendant Alden Duhon's (Alden) mother was one of the founding members of Cary L.L.C., and, when she passed away, Alden inherited a 1.6% ownership interest in the L.L.C. Cary L.L.C. requires that all interested persons apply for membership to the L.L.C. Alden applied for membership in 2001 and was subsequently admitted as a member.

Cary L.L.C. then formed the "W.H. Cary, Sr. Estate, LLC Hunting and Fishing Club" (the hunting club) covering the property belonging to the L.L.C. In order for any member of Cary L.L.C. to use the property, including to hunt or fish on it, they had to be a member of the hunting club. Alden applied for membership to the hunting club and was approved.

While a member, Alden allegedly violated the hunting club rules on multiple occasions, and, on August 1, 2007, Alden's membership in the hunting club was revoked. Alden allegedly continued to use the property and to allow others to use it. On December 31, 2008, Alden's membership in Cary L.L.C. was revoked. Nevertheless, Alden allegedly continued to use the property and to allow others to use it, giving rise to the instant lawsuit.

**PROCEDURAL HISTORY**

Cary L.L.C. filed suit against Alden and his wife, Jane Duhon (Jane), on June 9, 2010, seeking an injunction prohibiting them from using the property owned by Cary L.L.C. for any purpose, from bringing unauthorized persons onto the

2

property, and from telling third parties they have permission to use the property. Cary L.L.C. also sought damages, attorney fees, and costs.

Alden and Jane were personally served on June 21, 2010. An answer was not filed and a preliminary default was entered against them on August 5, 2010. On September 7, 2010, the preliminary default was confirmed in open court. The trial court signed a judgment granting the injunction against Alden and Jane, ordering them to pay $17,812,[1] and casting them with all costs of the proceeding.

Alden and Jane filed a motion for new trial, arguing that the judgment was contrary to the law and evidence in that the judgment awards attorney fees that are clearly excessive without any law to support the award or any evidence or legal authority for the amount awarded. Their motion was denied on September 22, 2010, with a note from the trial court that "the judgment does not award attorneys fees." They are now before us on appeal from the September 7 judgment. Cary L.L.C. answered the appeal, seeking additional attorney fees and costs.

## DISCUSSION

### *Default Judgment*

Our review of a default judgment is restricted "to a determination of the sufficiency of the evidence offered in support of the judgment," which is a question of fact subject to the manifest error standard of review. *Wagner v. Alford*, 09-1338, p. 4 (La.App. 3 Cir. 4/7/10), 34 So.3d 1018, 1022.

Louisiana Code of Civil Procedure Articles 1701 and 1702 govern default judgments. Article 1701 allows a default judgment to be entered against properly served defendants if they do not answer a petition within the time prescribed by law,

---

[1]A review of the transcript, as well as Appellee's brief, shows that this sum was for contractually-based attorney fees.

and Article 1702 sets forth the evidentiary requirements necessary for confirming a default judgment. Specifically, Article 1702(A) requires that a judgment of default be confirmed by proof of the demand "sufficient to establish a prima facie case." Article 1702(B) sets forth the evidentiary requirements for proving a prima facie case sufficient to confirm a default judgment. These requirements differ depending on the nature of the obligation, be it conventional or delictual. If the obligation is conventional, a petitioner need only submit "affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case." La.Code Civ.P. art. 1702(B)(1). If the obligation is delictual, however, the "testimony of the plaintiff with corroborating evidence . . . shall be admissible, self-authenticating, and sufficient proof of such demand." La.Code Civ.P. art. 1702(B)(2). A conventional obligation is "an obligation that results from actual agreement of the parties; a contractual obligation." BLACK'S LAW DICTIONARY, 1102 (7th ed. 1999). A delictual obligation is an obligation constituting a tort. BRYAN A. GARNER, A DICTIONARY OF MODERN LEGAL USAGE, Second Edition, 262 (Oxford University Press 2001) (1987).

"A plaintiff seeking to confirm a default must prove both the existence and the validity of his claim. A default judgment cannot be different in kind from what is demanded in the petition and the amount of damages must be proven to be properly due." *Arias v. Stolthaven New Orleans, L.L.C.*, 08-1111, p. 7 (La. 5/5/09), 9 So.3d 815, 820 (footnote omitted) (citing La.Code Civ.P. art. 1703). In its petition, Cary, L.L.C. demanded an injunction against Alden and Jane for trespass and damages incurred therefrom.

4

Trespass, a tort, is a delictual obligation. Thus, in order to confirm a default judgment for a delictual obligation, the plaintiff should testify and offer corroborating evidence to meet their burden of proving a prima facie case. La.Code Civ.P. art. 1702(B)(2). At the confirmation hearing in the instant case, counsel for Cary, L.L.C. introduced the affidavit of Patrick H. Johnson, manager and authorized representative of Cary, L.L.C.. Attached thereto were various exhibits purporting to establish a prima facie case in favor of Cary, L.L.C.. No one was called to testify.

Johnson's affidavit does not state that he personally witnessed Alden or Jane trespassing on the property, nor does it state that he personally witnessed third parties trespassing on the property who allegedly obtained permission to do so from Alden or Jane. Thus, Cary, L.L.C. submitted an affidavit containing hearsay as proof of the Duhons' alleged trespass. "Hearsay evidence does not sustain [the] burden of proving a prima facie case." *Ducharme v. Guidry*, 392 So.2d 755, 757 (La.App. 3 Cir. 1980). Further, corroborating evidence was not introduced, as plaintiffs failed to testify in this matter. Finally, Johnson's affidavit did not establish actual damage sustained by Cary, L.L.C. for the Duhons' alleged trespass, which is an essential element that must be proved before a prima facie case for trespass can be established. *See Lloyd v. Hunt Exploration, Inc.*, 413 So.2d 327 (La.App. 3 Cir. 1982). Accordingly, Cary, L.L.C. failed to meet the burden necessary to prove a prima facie case sufficient to confirm a default judgment on a delictual obligation.

As the evidence introduced was insufficient, the trial court was manifestly erroneous in confirming the default judgment in favor of Cary, L.L.C.. We reverse the judgment granting the confirmation of default in its entirety. Because we have found that the confirmation of default judgment was improper and have reversed the

5

judgment in its entirety, we need not address the remaining assignments of error.  We deny Cary, L.L.C.'s request for additional attorney fees for work done on appeal.

**DECREE**

For the foregoing reasons, we reverse the judgment dated September 7, 2010, in its entirety and remand for further proceedings.  Costs are cast to W. H. Cary, Sr., Estate, L.L.C.

**REVERSED AND REMANDED.**