NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

13-290

RUPERT EUGENE & MILDRED
ARLENE WELLS

VERSUS

JOHN WILLIAM & BARBARA BOHRER BLALOCK

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2012-7780-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Billy Howard Ezell, J. David Painter, and James T. Genovese, Judges.

REVERSED.

Christine Lipsey
Kimberly D. Higginbotham
McGlinchey Stafford, PLLC
One American Place
301 Main Street, 14th Floor
Baton Rouge, LA 70825
(225) 383-9000
COUNSEL FOR THIRD PARTY & CROSS-CLAIM DEFENDANT-
    APPELLANT:
    MetLife Home Loans, LLC
Cory P. Roy
Brandon J. Scott
Benjamin D. James
Law Offices of Cory P. Roy

107 North Washington Street
Marksville, LA 71351
(318) 240-7800
COUNSEL FOR DEFENDANTS-APPELLEES:
    John William & Barbara Bohrer Blalock

Rupert Eugene & Mildred Arlene Wells
287 Lanins
Boyce, LA 71409
PLAINTIFFS-APPELLEES IN PROPER PERSON

**PAINTER, Judge.**

The trial court entered a default judgment against MetLife Home Loans, LLC (MetLife). The entity which issued the mortgage that is the subject of this appeal is MetLife Home Loans, a division of MetLife Banks, N.A. Accordingly, we reverse.

## FACTS AND PROCEDURAL HISTORY

On March 19, 2012, Plaintiffs, Rupert Eugene and Mildred Arlene Wells (the Wells), filed suit for breach of contract, dissolution of sale and onerous donation of immovable property, damages, and injunctive relief. Their claim related to their purchase of a piece of immovable property in Marksville, Louisiana, by cash sale from Defendants, John William and Barbara Bohrer Blalock (the Blalocks), on November 24, 2009. The Blalocks entered a general denial to the petition and filed a third party demand naming MetLife Home Loans, LLC as a defendant, alleging that they borrowed funds from MetLife to be secured by a reverse mortgage on certain property owned by them but that MetLife erroneously identified the property subject to the mortgage. The Blalocks alleged that this error resulted in the suit against them by the Wells and caused them economic damages as well as mental anguish. Service of the third party demand was made on MetLife through the registered agent for service of process, CT Corporation System. MetLife did not answer the third party demand, and the Blalocks obtained a judgment of preliminary default against MetLife. Following a hearing, the trial court awarded $10,000.00 to each of the Blalocks for pain and suffering and mental anguish and an additional $10,000.00 to each of the Blalocks for loss of property value, for a total judgment of $40,000.00 plus interest from the date of judicial demand and all court costs. MetLife has appealed the default judgment, alleging that MetLife is not the contracting party because the entity

which entered into the mortgage agreement with the Blalocks is MetLife Home Loans, a division of MetLife Bank, N.A., such that a default judgment cannot be entered against MetLife. MetLife also argues that the evidence submitted by the Blalocks was insufficient to support the awards of damages. The Wells' attorney withdrew, and the status of the main demand is not at issue in this appeal.

## DISCUSSION

In *W.H. Cary, Sr., Estate, L.L.C. v. Duhon*, 10-1526, pp. 3-4 (La.App. 3 Cir. 5/25/11), 64 So.3d 922, 924-25, this court noted:

> Our review of a default judgment is restricted "to a determination of the sufficiency of the evidence offered in support of the judgment," which is a question of fact subject to the manifest error standard of review. *Wagner v. Alford*, 09-1338, p. 4 (La.App. 3 Cir. 4/7/10), 34 So.3d 1018, 1022.
>
> Louisiana Code of Civil Procedure Articles 1701 and 1702 govern default judgments. Article 1701 allows a default judgment to be entered against properly served defendants if they do not answer a petition within the time prescribed by law, and Article 1702 sets forth the evidentiary requirements necessary for confirming a default judgment. Specifically, Article 1702(A) requires that a judgment of default be confirmed by proof of the demand "sufficient to establish a prima facie case." Article 1702(B) sets forth the evidentiary requirements for proving a prima facie case sufficient to confirm a default judgment. These requirements differ depending on the nature of the obligation, be it conventional or delictual. If the obligation is conventional, a petitioner need only submit "affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case." La.Code Civ.P. art. 1702(B)(1). If the obligation is delictual, however, the "testimony of the plaintiff with corroborating evidence . . . shall be admissible, self-authenticating, and sufficient proof of such demand." La.Code Civ.P. art. 1702(B)(2). A conventional obligation is "an obligation that results from actual agreement of the parties; a contractual obligation." BLACK'S LAW DICTIONARY, 1102 (7th ed.1999) [sic]. A delictual obligation is an obligation constituting a tort. BRYAN A. GARNER, A DICTIONARY OF MODERN LEGAL USAGE, Second Edition, 262 (Oxford University Press 2001) (1987).

Moreover, "Louisiana jurisprudence is settled that in securing a default judgment, the plaintiff must prove all the essential elements of his petition as fully as if they had been specifically denied." *Cunningham v. M&S Marine, Inc.*, 05-

2

805, p. 5 (La.App. 4 Cir. 1/11/06), 923 So.2d 770, 774. In this case, that means that the Blalocks must first prove that their contract is with the named defendant, MetLife Home Loans, LLC. Here, they cannot do so. The documentary evidence presented by the Blalocks clearly shows that the entity with whom they contracted to secure the mortgage was MetLife Home Loans, a division of MetLife Bank, N.A. Since the Blalocks have failed to prove the existence of contract between them and MetLife, they cannot establish a prima facie case for breach of contract or negligent drafting of the reverse mortgage against MetLife. Accordingly, we reverse the default judgment entered against MetLife. The other assignments or error advanced by MetLife are thus rendered moot.

## DECREE

The default judgment at issue herein was rendered against a party with whom the Blalocks had no contract. The default judgment is hereby reversed.

**REVERSED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.