| .CARTER, C.J.
A former employee and his employer both appeal a judgment from the district court awarding the former employee overtime wages in the amount of $6,410.50 and liquidated damages in the amount of $6,410.50.
FACTS
Bobby Odom was employed by Respiratory Care, Inc. (RCI) as a respiratory therapy technician from April 1991 until July 31, 1993. At the time Odom began his employment, RCI had a contract with Franklin Foundation Hospital to provide technicians and equipment to the Respiratory Critical Care Cardiac Department. RCI was faced with a shortage of technicians and made a job offer to Odom as a full-time respiratory therapist with starting salary between $12.00 and $12.40 an hour plus benefits.-
However, Odom and John Zeutzius, the owner of RCI, worked out an agreement whereby Odom would earn $18.00 an hour, but would not receive any benefits such as insurance coverage, sick leave, vacation leave, or overtime. Odom testified that he was assured of working 128 hours in every 14-day pay period. In March 1992, Odom received a raise to $19.00 an hour when he qualified as a registered respiratory tech.
Throughout his employment, RCI deducted FICA, state taxes, federal taxes, and prepared W-2 wage statements in which RCI was designated as “employer” and Odom was designated as an “employ *254 ee.” Odom’s employment ended when RCI’s contract with Franklin Foundation Hospital ended in July 1993.
Odom then filed suit on January 25, 1995, seeking overtime wages for the entire period he worked for RCI, penalties and attorney’s fees. Odom sought relief under LSA-R.S. 23:631, et seq. for failure to pay wages due under the terms and conditions of employment within three days of his termination and for payment of his overtime wages pursuant to the Federal Fair Labor Standards Act, 29 U.S.C.A. § 201, et seq. (FLSA).
Following a trial on the merits, the trial court found Odom was entitled to past due overtime wages of $6,410.50, plus liquidated damages pursuant to 29 U.S.C.A. § 216 in the amount of $6,410.50. However, the trial court denied an award to Odom of |aattorney’s fees because there was no evidence of the amount introduced into the record. The trial court further denied any recovery pursuant to LSA-R.S. 23:631, et seq.
RCI and Odom both appeal the judgment of the trial court. Odom’s assignments of error are as follows:
A. The Court clearly erred in failing to award attorney’s fees on the basis no evidence of same was presented at trial.
B. The Court erred by applying FLSA to the exclusion of state law.
C. Bobby Odom is entitled to additional attorney’s fees incurred in defending RCI’s appeal.
RCI assigns the following issues for review:
I. The trial judge erred in finding that the agreement entered into between RCI and Bobby Odom violated the provisions of the Fair Labor Standards Act.
II. The trial judge erred in not awarding damages to RCI, pursuant to its reconventional demand for overpayment of wages.
DISCUSSION
Application of the Fair Labor Standards Act
The Fair Labor Standards Act provides the following with respect to overtime:
Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.
29 U.S.C.A. § 207(a)(1).
RCI argues the trial court erred in finding its employment agreement with Odom violated the FLSA. According to RCI, the FLSA is supposed to protect certain groups of the population from substandard wages and excessive hours which would endanger the national health and well being. However, RCI contends the FLSA also contains an underlying social policy which provides that an employer and employee may enter into a mutually beneficial agreement regarding compensation, if the terms and conditions of that agreement meet the minimum standards of the FLSA, and do not violate the purpose of the statute. RCI claims the terms and conditions of the agreement at issue do not violate the social policy of the FLSA because Odom was compensated at a |/‘premium” rate for every hour he worked regardless of whether he worked more or less than 40 hours per week. According to RCI, Odom’s $18.00 and $19.00 an hour rate of compensation was more than one and a half times the regular hour rate paid certified respiratory therapists of $10.40 an hour.
*255 RCI asserts because Odom was paid at such a “premium” rate the FLSA exempts RCI from paying Odom overtime. In support of this, RCI relies upon the following provisions of 29 U.S.C.A. § 207(e) of the FLSA:
As used in this section the “regular rate” at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee, but shall not be deemed to include
:¡: ‡ & ‡ & ‡
(5) extra compensation provided by a premium rate paid for certain hours worked by the employee in any day or workweek because such hours are hours worked in excess of eight in a day or in excess of the maximum workweek applicable to such employee under subsection (a) of this section or in excess of the employee’s normal working hours or regular working hours, as the case may be;
(6) extra compensation provided by a premium rate paid for work by the employee on Saturdays, Sundays, holidays, or regular days of rest, or on the sixth or seventh day of the workweek, where such premium rate is not less than one and one-half times the rate established in good faith for like work performed in nonovertime hours on other days....
We find the trial court correctly found that 29 U.S.C.A. § 207(e)(5) and (6) did not exempt RCI from paying Odom overtime. The statute provides that a premium rate is not included in regular rate of pay if the premium rate is paid for certain hours worked by the employer in excess of eight hours a day. In the instant case, Odom received the same rate of pay no matter how many hours he worked in a week. RCI also places great emphasis on the fact that Odom was paid at a higher rate of compensation than RCI’s other employees. We are not persuaded by such an argument. Odom’s rate of pay resulted from his ability to negotiate away some benefits that other employees retained. The record also contains testimony that Odom was hired by RCI at a time when there was a shortage of qualified respiratory technicians. Obviously Odom worked this to his advantage. We do not find Odom was paid at a premium rate as defined by the FLSA and likewise find no error in the trial court’s denial of RCI’s reconventional demand seeking reimbursement for overcompensating Odom.
1SRCI also contends that the trial court erred in not finding Odom was employed by RCI pursuant to an individual contract, which would allow RCI not to pay Odom overtime pursuant to the following provision of the FLSA:
(f) Employment necessitating irregular hours of work
No employer shall be deemed to have violated subsection (a) of this section by employing any employee for a workweek in excess of the maximum workweek applicable to such employee under sub- . section (a) of this section if such employee is employed pursuant to a bona fide individual contract, or pursuant to an agreement made as a result of collective bargaining by representatives of employees, if the duties of such employee necessitate irregular hours of work, and the contract or agreement (1) specifies a regular rate of pay of not less than the minimum hourly rate provided in subsection (a) or (b) of section 206 of this title (whichever may be applicable) and compensation at not less than one and one-half times such rate for all hours worked in excess of such maximum workweek, and (2) provides a weekly guaranty of pay for not more than sixty hours based on the rates so specified.
29 U.S.C.A. § 207(f).
We agree that RCI would be exempt from paying Odom overtime if the employment agreement met the criteria of 29 U.S.C.A. § 207(f). However, we find no error in the trial court’s finding that this statute is inapplicable herein because there is uncontroverted testimony in the record *256 that Odom was guaranteed 128 hours every 14^day pay period, which exceeds the statutory maximum of sixty hours per week.
Additionally, Odom asserts that the trial court erred in applying the FLSA to the exclusion of state law, specifically LSA-R.S. 23:631, et. seq. The trial court did not err in denying recovery under LSA-R.S. 23:631, et seq. because RCI never refused to pay Odom his wages. Rather, the dispute centered around RCI’s refusal to pay Odom overtime. In Sirmon v. Cron & Gracey Drilling Corporation, 44 F.Supp. 29, 30-31 (W.D.La.1942), the court found the FLSA controlling over an employee’s claim for overtime wages, rather than the Louisiana statute requiring an employee be paid his due wages within three days of termination. Under these circumstances, the FLSA excludes recovery under LSA-R.S. 23:631, et seq. We agree the trial court properly found the Louisiana statute did not apply under these circumstances because there is a distinction between an employer timely paying earned wages for all hours worked, and an employer refusing to pay the extra wages an employee claims are due on the hours 1 fihe worked in excess of the statutory maximum. The payment of overtime wages is clearly governed by the FLSA.
Attorney’s Fees
Odom asserts the trial court erred in not awarding attorney’s fees. The FLSA clearly provides for attorney’s fees to be paid by the employer where a violation has occurred. 29 U.S.C.A. § 216(b). However, the trial court declined to award attorney’s fees in this matter on the basis there was no evidence of the attorney’s fees incurred in the trial record.
Louisiana jurisprudence has recognized that proof of the value of an attorney’s services is not necessary if the services are evident from the record or were rendered under the supervision of the court. Hebert v. State Farm Insurance Co., 588 So.2d 1150, 1153 (La.App. 1st Cir.1991); Gulf Wide Towing, Inc. v. F.E. Wright (U.K.), 554 So.2d 1347, 1354-55 (La.App. 1st Cir. 1989); Thibaut, Thibaut, Garrett and Bacot v. Smith & Loveless, Inc., 517 So.2d 222, 225 (La.App. 1st Cir.1987).
Based on the above cited jurisprudence, we find the trial court erred in not awarding Odom attorney’s fees since it is evident from the record that services were performed on Odom’s behalf. After our review of the record, we find that an award of $1,500.00 is an appropriate award for attorney’s fees for the trial and appeal in this matter.
CONCLUSION
Based on the foregoing reasons, we affirm the award of $6,410.50 in overtime wages and $6,410.50 in liquidated damages. However, we amend the judgment of the trial court to reflect an award to Bobby Odom in the amount of $1,500.00 in attorney’s fees. All costs of the appeal are assessed against Respiratory Care, Inc.
AFFIRMED IN PART, AMENDED IN PART, AND AFFIRMED AS AMENDED.