# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**09-1338**


**W.L. WAGNER & NINA WAGNER**

**VERSUS**

**STEPHEN R. ALFORD, ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 60,582
HONORABLE STEPHEN BRUCE BEASLEY, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


**ELIZABETH A. PICKETT**
**JUDGE**


\*\*\*\*\*\*\*\*\*\*


Court composed of Marc T. Amy, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.


**REVERSED AND REMANDED.**


**Michael Steven Beverung**
**620 Esplanade, Suite 103**
**Lake Charles, LA 70607-6363**
**(337) 478-8706**
**Counsel for Plaintiffs-Appellees:**
**W.L. and Nina Wagner**


**Jack L. Simms, Jr.**
**P. O. Box 1554**
**Leesville, LA 71496**
**(337) 238-9393**
**Counsel for Defendant-Appellant:**
**Greenhills International, LLC**

**PICKETT, Judge.**

The defendant-appellant, Greenhills International, LLC, appeals the confirmation of a default judgment against it.

## STATEMENT OF THE CASE

W. L. And Nina Wagner own two condominium units in the Fairway Villas Condominiums (Fairway Villas) on the grounds of Emerald Hills Resort in Florien, Louisiana. At the time this suit was filed, Rael, Inc., was the owner of Emerald Hills Resort and the remaining eighteen condominium units in Fairway Villas. Steve Alford is the sole shareholder of Rael, Inc., and the president of the Fairway Villas Condominium Owners' Association, Inc. (FVCOA).

In January 2008, the Wagners filed suit against Alford, Rael, Inc., and FVCOA, alleging that FVCOA had a duty to provide water and sewer utilities and to maintain the common areas for the benefit of the owners, and that they had failed to provide water and sewer services to their units and maintained the common areas. The Wagners sought damages for the decreased value of their condominium units, lost rental income for on of the units, and general damages. Alford and Rael, Inc., filed an exception of prescription in the trial court.

This is not the first time the issue of the Wagners' access to water and sewage service has been presented to this court. This court has previously held that the resort property owned by Rael, Inc. and Alford was not burdened with a personal servitude to provide utilities in favor of the Wagners. *Wagner v. Alford*, 98-1726 (La.App. 3 Cir. 6/30/99), 741 So.2d 884, *writ denied*, 99-2265 (La. 11/5/99), 750 So.2d 192. In a subsequent case, we found there was not a predial servitude in favor of the Wagners' property for the provision of water and sewage service, that Rael, Inc. and Alford were

1

not abusing the right of ownership in failing to provide utilities, and that Rael, Inc. did not have a contractual obligation to provide utilities to the Wagners. *Wagner v. Fairway Villas Condominium Associates, Inc.*, 01-734 (La.App. 3 Cir. 3/13/02), *writ denied*, 02-1492 (La. 9/20/02).

In April 2008, Rael, Inc. and Alford sold their interest in the eighteen units in Fairway Villas to Greenhills International (Greenhills). In October 2008, the Wagners filed a First Amending and Supplemental Petition adding Greenhills as a defendant. When FVCOA and Greenhills failed to file an answer to the suit, the Wagners filed a Motion for a Preliminary Default, and a preliminary default was entered by the trial court on April 1, 2009. At a hearing on the confirmation of default on June 15, 2009, Mrs. Wagner testified. During her testimony, the condominium regime declaration filed in the Sabine Parish Clerk of Court's office, the cash deed transfering ownership from Rael, Inc., and Alford to Greenhills, and an appraisal of the value of the Wagners' units was introduced into evidence. On July 6, 2009, the trial court signed a judgment confirming the default and awarding the Wagners $92,000.00 for loss of value of the condominiums, $20,340.00 for loss of income, and $10,000.00 in general damages. Greenhills now appeals.

## ASSIGNMENTS OF ERROR

Greenhills asserts six assignments of error:

1.  No notice of the entry of a default was sent to counsel for defendants, James R. Mitchell, or to any of the parties, as provided by law;

2.  There was no proper substitution or joinder of parties ordered by the trial court, after the filing of the supplemental and amended petition, and plaintiffs did not proceed, thereafter, as required by La.Code Civ.P art. 807;

3.  The exception filed by defendants, Stephen R. Alford and Rael, Inc., which directly affected the merits of these proceedings, was still pending when the default judgment was confirmed;

2

4. The trial court allowed the plaintiffs to prove their claim by hearsay evidence and non-authenticated exhibits;

5. The trial court did not require plaintiffs to prove the essential elements of its claim by admissible evidence;

6. The law and evidence presented by plaintiffs did not present a prima facie case in support of the judgment.

### DISCUSSION

The supreme court recently explained the procedure for obtaining and confirming a default judgment:

A defendant's failure to comply with Louisiana Code of Civil Procedure articles 1001 and 1002 exposes the party to a judgment of default. The law and procedure relative to default judgments is set forth in Louisiana Code of Civil Procedure article 1701, *et seq.* Specifically, in an ordinary proceeding, such as the instant one, a defendant is generally required to file an answer within fifteen (15) days after service of citation upon him. La. C.C.P. art. 1001. A delay is afforded when an exception is filed prior to answer or the trial court grants additional time for answering upon motion. La. C.C.P. art. 1001. Notwithstanding the specified delay periods for answering, a defendant may file his answer at any time prior to confirmation of a default judgment against him. La. C.C.P. art. 1002. However, when the defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. La. C.C.P. art. 1701(A). 1 Frank L. Maraist, *Louisiana Civil Law Treatise: Civil Procedure* § 12.3, at 451 (2d ed.2008).

The process for obtaining a default judgment when the defendant has failed to answer a petition timely is uncomplicated. It may be obtained by oral motion in open court or by written motion, entered in the minutes of the court, and the judgment consists merely of a minute entry. La. C.C.P. art. 1701(A); *Power Marketing Direct, Inc. v. Foster*, 05-2023, p. 10 (La.9/6/06), 938 So.2d 662, 669. A judgment of default is sometimes referred to as a "preliminary default." *Power Marketing Direct*, 05-2023 at 10, 938 So.2d at 669.

Thereafter, the judgment of default may be confirmed after two days, exclusive of holidays, from the entry of the judgment of default, that is, on the third "judicial day" after the lapse of two days, which are not judicial holidays, from the entry of the preliminary default La. C.C.P. art. 1702(A).

3

Confirmation of a default judgment is similar to a trial and requires, with admissible evidence, "proof of the demand sufficient to establish a prima facie case." La. C.C.P. art. 1702(A); *Power Marketing Direct*, 05-2023 at 10, 938 So.2d at 670; Maraist, *supra*, at 452-453. The elements of a prima facie case are established with competent evidence, as fully as though each of the allegations in the petition were denied by the defendant. *Sessions & Fishman v. Liquid Air Corp.*, 616 So.2d 1254, 1258 (La.1993); *Thibodeaux v. Burton*, 538 So.2d 1001, 1004 (La.1989). In other words, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at trial on the merits. *Thibodeaux*, 538 So.2d at 1004. A plaintiff seeking to confirm a default must prove both the existence and the validity of his claim. A default judgment cannot be different in kind from what is demanded in the petition and the amount of damages must be proven to be properly due. La. C.C.P. art. 1703.

. . . .

There is a presumption that a default judgment is supported by sufficient evidence, but this presumption may be rebutted by the record upon which the judgment is rendered. *Ascension Builders, Inc. v. Jumonville*, 262 La. 519, 527, 263 So.2d 875, 878 (1972). Finally, a defendant against whom a default judgment is confirmed may not assert an affirmative defense on appeal. *Galland v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa.*, 452 So.2d 397, 398-99 (La.App. 3d Cir.1984); *Romero v. Sunseri*, 359 So.2d 305, 308 (La.App. 4th Cir.1978).

*Arias v. Stolthaven New Orleans, L.L.C.*, 08-1111, pp. 5-8 (La. 5/5/09), 9 So.3d 815, 818-820 (footnotes omitted).

On appeal, we restrict our review of default judgments to a determination of the sufficiency of the evidence offered in support of the judgment. *Bordelon v. Sayer*, 01-717 (La.App. 3 Cir. 3/13/02), 811 So.2d 1232, *writ denied*, 02-1009 (La. 6/21/02), 819 So.2d 340. As this is a question of fact, we review it under the manifest error standard of review. *Id.*

Greenhills argues that as the successor-in-interest to Rael, Inc., the Wagners should have been required to substitute Greenhills for Rael, Inc., or that the suit against Rael, Inc., should have been consolidated with the suit against Greenhills, pursuant to La.Code Civ.P. art. 807. Article 807 states:

When a party to an action transfers an interest in the subject matter thereof, the action shall be continued by or against such party, unless the court directs that the transferee be substituted for or joined with the transferor.

This argument is based on a misrepresentation of the procedural facts of this case. The supplemental petition added Greenhills as an additional defendant in this suit. While some of the allegations in the supplemental petition against Greenhills were substantially similar to those lodged against the other defendants, the petition was based on Greenhills' failure to provide water or sewage facilities after it purchased Emerald Hills Resort and the other units in Fairway Villas. Thus, Greenhills was an additional defendant. The pending exception of prescription filed by Rael, Inc., and Alford did not prevent the Wagners from seeking a default judgment against Greenhills. *See Dismuke v. Quaynor*, 25,482 (La.App. 2 Cir. 4/5/94), 637 So.2d 555, *writ denied*, 94-1183 (La. 7/1/94), 639 So.2d 1164. This assignment of error lacks merit.

Greenhills also argues that the Wagners were required to give notice to the attorney for Rael, Inc., and Alford pursuant to La.Code Civ.P. art. 1702(A). This provision of law requires notice of the preliminary default if the party against whom the default judgment is taken has made an appearance in the record. Again, this is a misstatement of the procedural posture of this case based on the supposition that Greenhills was a substitute party for Rael, Inc., and Alford. As discussed earlier, Greenhills was named as an additional defendant. As Greenhills never made an appearance of record, the notice requirement of La.Code Civ.P. art. 1702(A) does not apply. This assignment of error lacks merit.

Greenhills argues that the evidence admitted by the trial court to support the Wagners' prima facie case were not admissible. Specifically, they object that the

5

appraisal of their property provided by Raymond Willett was inadmissible hearsay evidence. As this is an action for tort damages, La.Code Civ.P. art. 1702(B)(2) explains the evidence required:

> When a demand is based upon a delictual obligation, the testimony of the plaintiff with corroborating evidence, which may be by affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case, shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering judgment.

In *Arias*, 9 So.3d 815, 820, the supreme court explained that the rules of evidence are applicable to confirmations of default judgments:

> At the hearing, the rules of evidence generally apply. La. C.E. art. 1101(A); Maraist, *supra*, at 452-453. The plaintiff must follow the rules of evidence even though there is no opponent. "Because at a default confirmation there is no objecting party, to prevent reversal on appeal, both plaintiff and the trial judge should be vigilant to assure that the judgment rests on admissible evidence" that establishes a prima facie case. George W. Pugh, Robert Force, Gerald A. Rault, Jr., & Kerry Triche, *Handbook on Louisiana Evidence Law* 677 (2007). Thus, inadmissible evidence, except as specifically provided by law, may not support a default judgment even though it was not objected to because the defendant was not present. 19 Frank L. Maraist, *Civil Law Treatise: Evidence and Proof* § 1.1, at 5 (2d ed.2007).

"Hearsay evidence does not sustain this burden of proving a prima facie case." *Ducharme v. Guidry*, 392 So.2d 755, 757 (La.App. 3 Cir. 1980).

The Willett appraisal, which the Wagners used to prove their damages, is hearsay evidence. While evidence corroborating the testimony of Mrs. Wagner may be used to prove a prima facie case, the evidence must be admissible. The appraisal is not admissible because it is hearsay evidence. Without the appraisal, the Wagners cannot prove an element of their claim, damages. Therefore, they failed to prove a prima facie case, and the default judgment was improperly confirmed.

6

## CONCLUSION

The judgment of the trial court finding Greenhills liable for damages in the amount of $122,340.00 is reversed.  The case is remanded for further proceedings.  Costs of this appeal are assessed to the Wagners.

**REVERSED AND REMANDED.**