# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-594

ANDREW KIDDER

VERSUS

STATEWIDE TRANSPORT, INC., ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20121555
HONORABLE DURWOOD WAYNE CONQUE, DISTRICT JUDGE

**********

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Phyllis M. Keaty, Judges.

**Saunders, J., agrees, in part, and concurs, in part with written reasons.**

**REVERSED AND REMANDED.**

Julian Louis Gibbens, III
P. O. Box 90290
Lafayette, LA 70509
Telephone: (337) 235-8815
COUNSEL FOR:
    Plaintiff/Appellee - Andrew Kidder

Roger Anthony Javier
The Javier Law Firm
2010 Energy Centre
100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 599-8570
COUNSEL FOR:
    Defendant/Appellee - Transport Leasing/Contract, Inc.

**Jason E. Fontenot**
**Jason E. Fontenot, APLC**
**P. O. Box 52307**
**Lafayette, LA 70505**
**Telephone: (337) 234-7355**
**COUNSEL FOR:**
    **Plaintiff/Appellee - Andrew Kidder**

**Chris Broadwater**
**Gashe, Coudrain & Sandage**
**P. O. Drawer 1509**
**Hammond, LA 70404-1509**
**Telephone: (985) 542-6848**
**COUNSEL FOR:**
    **Defendant/Appellant - Statewide Transport, Inc.**

**THIBODEAUX, Chief Judge.**

A delivery driver filed suit against his former employer for unpaid overtime wages under the Federal Fair Labor Standards Act (FLSA), 29 U.S.C.A. § 207, and La.R.S 23:632. After the employer failed to timely answer the petition, the trial court confirmed a default judgment, awarding the driver overtime wages, liquidated damages, penalties, and attorney fees under both the FLSA and La.R.S. 23:632. Considering the FLSA preempts state law recovery for unpaid overtime compensation for employees engaged in interstate commerce and the driver failed to present sufficient evidence at the confirmation hearing regarding his status as an employee engaged in either interstate or intrastate commerce, we reverse the trial court's confirmation of the default judgment and remand the case for further proceedings.

I.

**ISSUE**

We shall consider whether sufficient evidence was presented to confirm a default judgment awarding a former driver of a delivery company unpaid overtime wages, liquidated damages, penalties, and attorney fees under both the FLSA and La.R.S. 23:632. As part of this review, we shall consider the res nova issues in this circuit regarding whether the FLSA preempts state law recovery for unpaid overtime wages and whether the language of La.R.S. 23:631-32 allows for such a recovery.

## II.

## FACTS AND PROCEDURAL HISTORY

Andrew Kidder worked as a delivery driver for Statewide Transport, Inc. for varying periods of time since 2008. Specifically, Mr. Kidder worked as a van driver from June 12, 2008 to June 17, 2008 and again from September 14, 2009 to November 5, 2009. He also worked as a truck driver from December 2, 2008 to March 27, 2009 and from August 17, 2011 to September 21, 2011.

Mr. Kidder sued Statewide for unpaid overtime wages, liquidated damages, penalties, and attorney fees under the FLSA and La.R.S. 23:632. Along with his petition, Mr. Kidder filed interrogatories and requests for production of documents. Statewide filed answers to the interrogatories and production requests but failed to file a formal answer to Mr. Kidder's petition. Given Statewide's failure to answer, the trial court granted Mr. Kidder's motion for preliminary default. A confirmation hearing was held where Mr. Kidder presented his own testimony and evidence that he worked for Statewide as a truck driver in Louisiana and was never paid overtime wages. The trial court confirmed the default judgment and awarded Mr. Kidder $1,726.65 in overtime compensation and $1,726.65 in liquidated damages under the FLSA. The court also awarded Mr. Kidder $7,200.00 in penalty wages under La.R.S. 23:632 and $7,100.00 in attorney fees.

## III.

## STANDARD OF REVIEW

We restrict our review of default judgments to a consideration of the sufficiency of the evidence offered to support the judgment. Being a question of

fact, this appeal is subject to a manifest error standard of review. *Wagner v. Alford*, 09-1338 (La.App. 3 Cir. 4/7/10), 34 So.3d 1018; *Bordelon v. Sayer*, 01-717 (La.App. 3 Cir. 3/13/02), 811 So.2d 1232, *writ denied*, 02-1009 (La. 6/21/02), 819 So.2d 340.

## IV.

## LAW AND DISCUSSION

Confirmation of a default judgment requires admissible evidence sufficient to establish a prima facie case. La.Code Civ.P. art. 1702(A). "[T]he plaintiff must present competent evidence that convinces the court that it is probable he would prevail at trial on the merits." *Wagner*, 34 So.3d at 1021. Furthermore, the plaintiff "must prove both the existence and the validity of his claim." *Id.*

In our review of the evidence, we find that Mr. Kidder failed to establish a prima facie case that he was entitled to default judgment under federal law. 29 U.S.C.A. § 207(a)(1) establishes the overtime wage requirements under the FLSA:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

The FLSA further provides that overtime wages under § 207 do not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions

3

of section 31502 of Title 49." 29 U.S.C.A § 213(b)(1). While at one time this overtime wage exemption applied to all employees of motor carriers and private motor carriers under 49 U.S.C.A § 31502, Congress amended the FLSA in 2008, allowing § 207 to "apply to a covered employee notwithstanding [29 U.S.C.A. § 213(b)(1)]." SAFETEA–LU Technical Corrections Act of 2008, Pub. L. 110–244, § 306(a), 122 Stat 1572 (2008). The Congressional amendment defined a covered employee as follows:

> (c) COVERED EMPLOYEE DEFINED. — In this section, the term "covered employee" means an individual —
>
>> (1) who is employed by a motor carrier or motor private carrier (as such terms are defined by section 13102 of title 49, United States Code, as amended by section 305);
>>
>> (2) whose work, in whole or in part, is defined —
>>
>>> (A) as that of a driver, driver's helper, loader, or mechanic; and
>>>
>>> (B) as affecting the safety of operation of motor vehicles weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce, except vehicles —
>>>
>>>> (i) designed or used to transport more than 8 passengers (including the driver) for compensation;
>>>>
>>>> (ii) designed or used to transport more than 15 passengers (including the driver) and not used to transport passengers for compensation; or
>>>>
>>>> (iii) used in transporting material found by the Secretary of Transportation to be hazardous under section 5103 of title 49, United States Code, and transported in a quantity requiring placarding under regulations

> prescribed by the Secretary under section 5103 of title 49, United States Code; and
>
> (3) who performs duties on motor vehicles weighing 10,000 pounds or less.

*Id.* at § 306(c).

Through this amendment, drivers employed by motor carriers may only recover overtime wages under the FLSA if the driver is operating a motor vehicle that is engaged in interstate commerce and weighs 10,000 pounds or less.

While Mr. Kidder presented evidence and testimony at the confirmation hearing that he was never paid overtime wages during his employment with Statewide, he failed to present any evidence regarding the weights of the vans and trucks he drove. Furthermore, Mr. Kidder testified that he only drove within the state of Louisiana. While 29 C.F.R. § 782.7(b)(1) states that "[t]ransportation within a single State is in interstate commerce within the meaning of the Fair Labor Standards Act where it forms a part of a 'practical continuity of movement' across State lines from the point of origin to the point of destination," Mr. Kidder did not present any evidence to indicate the materials he transported for Statewide actually crossed state lines to become part of this practical continuity of interstate commerce. Considering these are essential elements to overtime compensation recovery under the amendments to the FLSA, Mr. Kidder did not provide sufficient evidence to sustain a prima facie case.

Statewide also contends that the trial court improperly granted default judgment in favor of Mr. Kidder under La.R.S. 23:632 since the FLSA preempts any recovery under Louisiana law for unpaid overtime wages. Federal preemption is an affirmative defense that must be raised in the pleadings. *Shrader v. Life Gen.*

5

*Sec. Ins. Co.*, 588 So.2d 1309 (La.App. 2 Cir. 1991), *writ denied*, 592 So.2d 1317 (La.1992). "[A] defendant against whom a default judgment is confirmed may not assert an affirmative defense on appeal." *Hall v. Folger Coffee Co.*, 02-920, p. 13 (La.App. 4 Cir. 10/1/03), 857 So.2d 1234, 1244-45, *writ denied*, 03-1756 (La. 10/17/03), 855 So.2d 762. While Statewide cannot technically raise the federal preemption argument for the first time on appeal, our standard of review demands that we consider this issue and the scope of the state law since there can never be sufficient evidence to support a default judgment for overtime wages under state law if such recovery is preempted.

In *Odom v. Respiratory Care, Inc.*, 98-263, p. 4 (La.App. 1 Cir. 2/19/99), 754 So.2d 252, 256, the first circuit held that the FLSA overtime provisions preempt Louisiana state law, reasoning that La.R.S. 23:631-32 "did not apply under these circumstances because there is a distinction between an employer timely paying earned wages for all hours worked, and an employer refusing to pay the extra wages an employee claims are due on the hours he worked in excess of the statutory maximum." While we are cognizant of the first circuit's opinion, we are not bound by this statutory interpretation and respectfully disagree. *See Thompson Tree & Spraying Service, Inc. v. White-Spunner Const., Inc.*, 10-1187 (La.App. 3 Cir. 6/1/11), 68 So.3d 1142, *writ denied*, 11-1417 (La. 9/30/11), 71 So.3d 290; Albert Tate, Jr., *Civilian Methodology in Louisiana*, 44 TUL. L. REV. 673 (1970). Rather, we conclude that the FLSA overtime provisions preempt Louisiana state law only for employees engaged in *interstate* commerce; employees engaged in *intrastate* commerce may still recover for unpaid overtime under La.R.S. 23:631-32.

6

The enactment of the FLSA represents a valid exercise of Congress' exclusive power to regulate interstate commerce under U.S. Const. art. I, § 8, cl. 3. *Opp Cotton Mills v. Adm'r of Wage and Hour Div. of Dep't of Labor*, 111 F.2d 23 (5th Cir. 1940), *aff'd*, 312 U.S. 126, 61 S.Ct. 524. "It is well established that, when Congress acts under this power, its legislation primes and supersedes state legislation." *Paul Klopstock & Co. v. United Fruit Co.*, 131 So. 25, 26 (La.1930). The reasoning behind this field preemption is clear:

> Even though the penalties of both the state and federal statutes could be imposed without there being a direct conflict, we believe the penalty provision of the Federal act, when invoked, becomes exclusive and the penalty provisions of the state statute may not be applied. There may be no exact conflict in actual application of the two penalties, but, nevertheless, they conflict in essence because of duplicity.

*Divine v. Levy*, 36 F.Supp. 55, 58 (W.D. La. 1940).

Considering the FLSA explicitly provides penalties for failure to pay overtime wages under 29 U.S.C.A. § 216, any similar penalties under Louisiana law must be preempted by the FLSA for employees engaged in interstate commerce.

While the FLSA may preempt state law recovery for employees engaged in interstate commerce, employees engaged solely in intrastate commerce can recover for overtime compensation under state law. Louisiana Revised Statutes 23:632 allows for recovery of penalty wages and reasonable attorney fees for failure to comply with the provisions of 23:631. In pertinent part, La.R.S. 23:631(A)(1)(a) states:

> Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment,

> whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first.

Notably, the statutory language in La.R.S. 23:631(A)(1)(a) does not distinguish between regularly earned wages and overtime compensation as the first circuit in *Odom* implies. Rather, the statute mandates through more encompassing language that the employer pay "the amount then due under the terms of employment." It is presumed in Louisiana that "every word, sentence, or provision in a law [is] intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions [are] employed." *Colvin v. Louisiana Patient's Compensation Fund Oversight Bd.*, 06-1104, p. 6 (La. 1/17/07), 947 So.2d 15, 19. If the legislature intended La.R.S. 23:631 to only apply to regularly earned wages, it would have explicitly stated so in the statute. However, the language is unambiguously broad in scope; it mandates that an employer pay any amount that an employee justifiably earns under the terms of his employment. There is nothing to suggest that such payment does not include overtime wages. "When a law is clear and unambiguous and its application does not lead to absurd circumstances, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La.Civ.Code art. 9. In order to give proper effect to these words and avoid an overly narrow interpretation of the statute, we apply the law as written and hold that La.R.S. 23:631 requires payment of overtime compensation to employees engaged exclusively in intrastate commerce.

Applying these principles to Mr. Kidder's case, confirmation of a default judgment under La.R.S. 23:632 must include evidence indicating that he

8

engaged solely in intrastate commerce. Here, as discussed above, while Mr. Kidder testified he only drove in Louisiana, he failed to provide sufficient evidence regarding what was transported to determine whether he worked in interstate or intrastate commerce. As such, he failed to present sufficient evidence to establish a prima facie case.

We reverse the trial court's default judgment. The case is remanded to the trial court to allow Mr. Kidder to establish, if possible, his claims under either the FLSA or La.R.S. 23:632 depending on his status as an employee engaged in either interstate or intrastate commerce. Statewide is reserved the right to file an answer to these claims. *See Dundee Tailoring Co. v. Jefferson Davis Parish Sch. Bd.*, 264 So.2d 316 (La.App. 3 Cir. 1972).

V.

## CONCLUSION

For the foregoing reasons, we reverse the default judgment and remand this case to the trial court for further proceedings in accordance with this opinion.

**REVERSED AND REMANDED.**

# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 13-594

**ANDREW KIDDER**

**VERSUS**

**STATEWIDE TRANSPORT, INC., ET AL.**

SAUNDERS, J. agrees, in part, and concurs, in part with written reasons.

I agree with the majority opinion that Mr. Kidder failed to provide the proper evidence to prove entitlement to confirmation of his preliminary default judgment under federal law. While I agree with the result of the majority opinion regarding Mr. Kidder's state law action, I disagree with how it adjudicates Mr. Kidder's confirmation of his preliminary default judgment regarding state law.

The majority opinion states that in order to prove entitlement to his preliminary default judgment under state law, Mr. Kidder "must include evidence indicating that [he] engaged solely in intrastate commerce." Further, the majority opines that Mr. Kidder failed to do so because he "failed to provide sufficient evidence regarding what was transported to determine whether he worked in interstate or intrastate commerce." I feel these two statements merit more discussion.

I feel that the majority opinion overstates what evidence was necessary to have been provided by Mr. Kidder in order for him to recover under state law. Louisiana Revised Statutes 23:631 and 632 only require that Mr. Kidder provide evidence that he was not properly paid under the terms of his employment with Statewide. To me, the majority opinion's statements cited above can be read to place a burden on Mr. Kidder to show that he was not working in interstate

commerce. This is clearly not the case, as asserting that Mr. Kidder was engaged in interstate commerce, and thus ineligible to recover under state law, would be an affirmative defense against an action based in state law. Such affirmative defenses are the defendant's burden to assert and prove, and would not properly be required of a plaintiff such as Mr. Kidder.

In my view, both judicial efficiency and proper appellate methodology would best be served by reversing the award given under federal law and affirming the award given under state law instead of reversing that award and remanding the case. This being stated, I must concede that the ends of justice might best be achieved by remanding the case for further proceedings as dictated by the majority opinion. Accordingly, I concur, in part.