STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2023 CA 0298

CARL ALEXANDER, JENNY FONTENOT, VICTORIA ERICKSON
AND WESLEY DYSON

VERSUS

PNK (BATON ROUGE) PARTNERSHIP D/B/A L'AUBERGE
BATON ROUGE AND PENN NATIONAL GAMING, INC.

JUDGMENT RENDERED: __SEP 15 2023__

* * * * * * *

Appealed from The Nineteenth Judicial District Court
Parish of East Baton Rouge • State of Louisiana
Docket Number C-686593 • Section 23

The Honorable Kelly Balfour, Presiding Judge

* * * * * * *

Gregory John Miller
Baton Rouge, Louisiana

COUNSEL FOR APPELLANTS
PLAINTIFFS—Carl Alexander, Jenny
Fontenot, Victoria Erickson, and
Wesley Dyson


John Thomas Andrishok
Vicki M. Crochet
Gillian B. Griffin
Baton Rouge, Louisiana

COUNSEL FOR APPELLEES
DEFENDANTS—PNK (Baton
Rouge) Partnership d/b/a L'Auberge
Baton Rouge and Penn National
Gaming, Inc.

* * * * * * *

BEFORE: WELCH, HOLDRIDGE, AND WOLFE, JJ.

**WELCH, J.**

Former employees filed suit against their former employer, seeking unpaid wages for accrued paid time off ("PTO"). Employer filed a motion for summary judgment, arguing that it had a clear policy that unused PTO would not be paid upon termination. The trial court granted employer's motion and dismissed employees' claims against employer, with prejudice. For the reasons that follow, we affirm.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs—Carl Alexander, Jenny Fontenot, Victoria Erickson, and Wesley Dyson—are former employees of PNK (Baton Rouge) Partnership d/b/a/ L'Auberge Casino and Hotel in Baton Rouge, Louisiana (collectively, "PNK").[1] PNK employed plaintiffs beginning in August 2012, and discharged or terminated all plaintiffs from their employment by July 2018.[2] During plaintiffs' employment, PNK modified its PTO policy. On October 18, 2016, PNK issued a PTO policy change memorandum to all its employees, including plaintiffs, informing them of the change. The new PTO policy stated, in pertinent part:

> PTO is a gratuitous benefit of employment granted solely at the Company's discretion. PTO is not earned and is not to be considered an amount due or a wage for any purpose and effective October 1, 2016[,] team members will not be compensated upon separation of employment for unused PTO.

The new PTO policy further provided that PTO could be used by employees "when they need time away from work for any reason[,]" including but not limited to "vacations, holidays[,] or other personal time." Plaintiffs all acknowledged receipt

---

[1] PNK (Baton Rouge) Partnership is the owner and operator of the L'Auberge Casino and Hotel in Baton Rouge, Louisiana. Penn National Gaming, Inc. acquired ownership of PNK in December 2018. Penn has never served as plaintiffs' employer.

[2] Mr. Alexander began his employment with PNK on August 20, 2012, and was terminated on May 19, 2017. Ms. Fontenot began her employment with PNK on August 13, 2012, and was terminated on April 7, 2017. Ms. Erickson began her employment with PNK on November 12, 2014, and was terminated on July 24, 2018. Mr. Dyson began his employment with PNK on August 6, 2012, and was terminated on February 14, 2018.

of the October 18, 2016 PTO policy change memorandum. PNK issued a new team member handbook in March 2018, which incorporated the new PTO policy as modified in October 2016.[3]

Upon each plaintiff's termination from employment by PNK, plaintiffs were not paid for unused PTO pursuant to PNK's October 2016 PTO policy. Plaintiffs filed suit against PNK and Penn National Gaming, Inc. (collectively, "defendants") in August 2019, seeking compensation for unused accrued PTO, statutory penalties equal to up to ninety days of wages, with interest from date of judicial demand, until paid, all costs of the proceedings, and reasonable attorney's fees.

Defendants filed a motion for summary judgment arguing that no genuine issues of material fact existed regarding whether plaintiffs were entitled to reimbursement for unused, accrued PTO upon termination. Defendants argued that in accordance with the applicable jurisprudence, PNK had a clear, written policy establishing that PTO was a gratuity and not an amount due under the terms of employment; therefore, upon discharge, plaintiffs were not entitled to reimbursement for unused, accrued PTO. Defendants contended that plaintiffs' claims should be dismissed.

Following a hearing, the trial court granted defendants' motion for summary judgment and signed a judgment in accordance with its ruling on October 6, 2022. Plaintiffs now appeal.[4]

---

[3] By March 2018, Mr. Alexander, Ms. Fontenot, and Mr. Dyson had all been terminated from their employment with PNK. Ms. Erickson, who was still employed by PNK in March 2018, acknowledged receipt of the new team member handbook.

[4] Plaintiffs filed a motion for devolutive appeal on November 1, 2022. The trial court signed an order of appeal on November 4, 2022, notice of which was transmitted by the clerk of court to the parties on January 13, 2023.

## SUMMARY JUDGMENT[5]

Appellate courts review the grant or denial of a motion for summary judgment *de novo* using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. **Georgia-Pacific Consumer Operations, LLC v. City of Baton Rouge**, 2017-1553, 2017-1554 (La. App. 1st Cir. 7/18/18), 255 So.3d 16, 22, writ denied, 2018-1397 (La. 12/3/18), 257 So.3d 194. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3); **Campbell v. Dolgencorp, LLC**, 2019-0036 (La. App. 1st Cir. 1/9/20), 294 So.3d 522, 526.

The burden of proof on a motion for summary judgment rests with the mover. La. C.C.P. art. 966(D)(1); **Lucas v. Maison Insurance Co.**, 2021-1401 (La. App. 1st Cir. 12/22/22), 358 So.3d 76, 84. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense. Instead, after meeting his initial burden of showing that there are no genuine issues of material fact, that mover may point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, summary judgment shall be granted unless the adverse party can produce factual evidence sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. See La. C.C.P. art. 966(D)(1); **Lucas**, 358 So.3d at 84.

---

[5] Although the Legislature recently amended La. C.C.P. art. 966, those amendments are not applicable to the instant appeal. See 2023 La. Acts No. 317, § 1 (eff. Aug. 1, 2023), and 2023 La. Acts No. 368, § 1 (eff. Aug. 1, 2023).

4

Summary judgment is appropriate for determining issues relating to earned and unpaid wages, vacation time, or PTO. See, e.g., **Newton v. St. Tammany Fire District No. 12**, 2022-1119 (La. App. 1 Cir. 5/18/23), 2023 WL 3556319, \*2-\*3 (unpublished).

## LAW AND DISCUSSION

The issue before this Court is whether PNK's employees are entitled to reimbursement for unused, accrued paid time off ("PTO") upon discharge or resignation. The Louisiana Wage Payment Act, La. R.S. 23:631, *et seq.* ("LWPA"), provides for payment of wages due after termination of employment. The main purpose of the LWPA is to compel an employer to pay the earned wages of an employee promptly after his dismissal or resignation and to protect discharged Louisiana employees from unfair and dilatory wage practices by employers. **Newton v. St. Tammany Fire District No. 12**, 2020-0797 (La. App. 1st Cir. 2/19/21), 318 So.3d 206, 211. The cornerstone of the LWPA is La. R.S. 23:631,[6] which is titled "Discharge or resignation of employees; payment after termination of employment" and provides, in pertinent part:

> A. (1)(a) Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first.
> \*\*\*
> D. (1) For purposes of this Section, vacation pay will be considered an amount then due only if, in accordance with the stated vacation policy of the person employing such laborer or other employee, both of the following apply:

---

[6] We recognize that in **Kidder v. Statewide Transport, Inc.**, 2013-594 (La. App. 3rd Cir. 12/18/13), 129 So.3d 875, 880-81, the Third Circuit held that the Federal Fair Labor Standards Act, 29 U.S.C.A. § 207, preempts the LWPA with regard to overtime provisions for employees engaged in interstate commerce, an issue that is not at play in the instant case. We also note that the opinions of other circuit courts are not authoritative or binding on this court. **Derbonne v. State Police Commission**, 2019-1455 (La. App. 1st Cir. 10/14/20), 314 So.3d 861, 871, writ denied, 2020-01323 (La. 2/17/21), 310 So.3d 1152.

(a) The laborer or other employee is deemed eligible for and has accrued the right to take vacation time with pay.

(b) The laborer or other employee has not taken or been compensated for the vacation time as of the date of the discharge or resignation.

(2) The provisions of this Subsection shall not be interpreted to allow the forfeiture of any vacation pay actually earned by an employee pursuant to the employer's policy.

Upon termination, an employer is required under La. R.S. 23:631(A)(1)(a) to pay their employees "the amount then due under the terms of employment[.]" Pursuant to La. R.S. 23:631(D), which specifically addresses payment for accumulated vacation time, vacation pay will be considered an amount due only if, in accordance with the stated vacation policy, the employee is eligible and has accrued the right to take vacation time and has not been otherwise compensated for the vacation time. **Hess v. Magnolia Behavioral Healthcare, L.L.C.**, 2015-1312 (La. App. 1st Cir. 2/24/16), 189 So.3d 1183, 1186, writ denied, 2016-0576 (La. 5/13/16), 191 So.3d 1056. Likewise, unused PTO that an employee has accrued under the terms of their employment constitutes wages due under the LWPA. **Davis v. St. Francisville Country Manor, L.L.C.**, 2013-0190 (La. App. 1st Cir. 11/1/13), 136 So.3d 20, 24. Accordingly, as a general rule, vacation pay and PTO are "amounts then due" under the terms of employment and constitute wages, which are due upon discharge or resignation by the employee. **Hess**, 189 So.3d at 1186.

However, where an employer has a clearly established policy that vacation time or PTO is not considered wages actually earned by an employee, the employee is not entitled to reimbursement for unused, accrued vacation time or PTO upon discharge or resignation. **Wyatt v. Avoyelles Parish School Board**, 2001-3180 (La. 12/4/02), 831 So.2d 906, 913. See also **Hess**, 189 So.3d at 1186; **Chapman v. Ebeling**, 41,710 (La. App. 2nd Cir. 12/13/06), 945 So.2d 222, 226. Only in the absence of a clear written policy establishing that vacation time or PTO granted by

an employer to an employee is nothing more than a mere gratuity and not a wage, is accrued but unused vacation time or PTO considered a vested right for which an employee must be paid upon discharge or resignation. **Hess**, 189 So.3d at 1186.

We have thoroughly reviewed the record on appeal and evidence submitted in support of and in opposition to defendants' motion for summary judgment, as well as the applicable jurisprudence. The evidence shows that PNK had a clear, written policy establishing that PTO is a "mere gratuity." A gratuity is something "acquired or otherwise received without bargain or inducement," "given freely or without recompense," or a "gift." **Hess**, 189 So.3d at 1189 (citing **Black's Law Dictionary**, 631 (5th Edition)). In the case before us, PNK's employee PTO policy expressly stated that PTO, for vacation or otherwise, was a gift. Accordingly, the employees' unused PTO was not an amount then due under the terms of employment, or a wage for which they should have been paid under La. R.S. 23:631 upon the termination of their employment with PNK. See **Hess**, 189 So.3d at 1189; **Wyatt**, 831 So.2d at 913. Therefore, the trial court correctly granted summary judgment in favor of defendants.

## DECREE

We affirm the trial court's October 6, 2022 judgment granting summary judgment in favor of defendants, PNK (Baton Rouge) Partnership d/b/a L'Auberge Casino and Hotel in Baton Rouge, Louisiana and Penn National Gaming, Inc., and against plaintiffs, Carl Alexander, Jenny Fontenot, Victoria Erickson, and Wesley Dyson, and dismissing all of plaintiffs' claims against defendants with prejudice. All costs of this appeal are assessed to plaintiffs, Carl Alexander, Jenny Fontenot, Victoria Erickson, and Wesley Dyson.

**AFFIRMED.**